FILED

2017 MAR 27 PM 4:36

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:17-cv-539-ORL-37-TBS

TREASURE CHEST MEDIA, LLC., a Florida Limited Liability Corporation,

Plaintiff,

v.

4D DISTRIBUTION, LLC, a Florida Limited Liability Corporation, and SCOTT DIXON, individually,

Defendants.
_______________________________________/

**PLAINTIFF'S COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND UNFAIR COMPETITION, AND DECEPTIVE AND UNFAIR TRADE PRACTICES**

COMES NOW, Defendant, TREASURE CHEST MEDIA, LLC (hereinafter "Treasure Chest Media" or "Plaintiff"), by and through its undersigned counsel, and complains and alleges as follows:

INTRODUCTION

1. This matter concerns the trademark infringement, unfair competition, and deceptive and unfair trade practices by Defendants, 4D DISTRIBUTION, LLC (hereinafter "4D Distribution"), and SCOTT DIXON (hereinafter "Dixon") against the owner of the following registered trademark: "TREASURE CHEST" U.S. Trademark Registration No. 4655371 (the "Mark").

2. Treasure Chest Media brings this action to secure relief under Federal and Florida state law. Treasure Chest Media seeks: (a) a temporary, preliminary and permanent injunction prohibiting Defendants from any further infringement of Treasure Chest Media's Mark; (b) an

order requiring the abandonment of the domain name "thetreasuredchest.com" and any other domain names owned or controlled by Defendants incorporating the Mark in whole or part; and (c) money damages, attorney's fees and costs for Defendants' past and continuing infringement of the Mark.

## PARTIES

3. Plaintiff, Treasure Chest Media, LLC, is a corporation duly organized and existing under the laws of the State of Florida with its principal place of business at 620 Crown Oak Center Drive, Suite 102, Longwood, FL 32750, doing business as Treasure Chest of Sweetwater. Treasure Chest Media is in good standing with the Florida Secretary of State's Office and has done all things necessary and proper to bring this lawsuit.

4. Defendant, 4D Distribution, is a corporation duly organized and existing under the laws of the State of Florida with its principal place of business at 657 Pine Shadow Court, Longwood, FL 32779, doing business as "The Treasured Chest".

5. Upon information and belief, Defendant Dixon is an individual resident of Florida, member of 4D Distribution, and is the owner a trademark application for "the Treasured Chest."

## JURISDICTION

6. This Court has original jurisdiction over Count I and II under 15 U.S.C. §1121(a) (action arising under the Lanham Act) and 28 U.S.C. §§1331, 1338(a) (federal question) in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §1051-1127.

7. This Court has jurisdiction over Count III under 28 U.S. C. §1338(b) in accordance with the principles of pendant jurisdiction in that said claims are joined with substantial and related claims under the Trademark Laws of the United States, 15 U.S.C. §§1051-1127.

## VENUE

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because, among other things, the facts giving rise to the acts or omission alleged herein took place in this District and/or because Defendants are subject to personal jurisdiction in this District.

9. Personal jurisdiction is proper because all parties are residents of Florida.

## FACTUAL BACKGROUND

10. Treasure Chest Media d/b/a Treasure Chest of Sweetwater is a company specializing in production of an advertisement newspaper.

11. The Treasure Chest of Sweetwater has been an advertisement newspaper providing services in Longwood since 1979 and licensor of the Treasure Chest of Lake Mary, Florida since 1985.

12. The original Treasure Chest of Sweetwater was started and owned by Maryann Schuler, the mother of Linda Pierre who is the owner and registered agent for Treasure Chest Media.

13. In 2001, Maryann Schuler transferred the company over to Virginia Ellison who continued to run the Treasure Chest of Sweetwater.

14. The Mark was first used in connection with "Advertising in periodicals, brochures and newspapers; Arranging newspaper subscriptions for others; providing advertising space in periodicals, newspapers and magazines," on January 30, 1979.

15. Virginia Ellison filed a federal trademark application for the Mark on December 31, 2013, for "Advertising in periodicals, brochures and newspapers; Arranging newspaper subscriptions for others; providing advertising space in periodicals, newspapers and magazines,"

and was granted U. S. Registration No. 4655371 on December 16, 2014. See federal trademark registration attached as Exhibit "**A**".

16. Through extensive advertising, marketing, and promotion throughout the Central Florida area the Mark had become well known in the advertising newspapers industry and consequently, the Mark is a very important and valuable business asset of Treasure Chest Media.

17. Virginia Ellison entered into a licensing agreement with Defendants on March 30, 2013 for rights to use the Mark under publication in Longwood/Lake Mary, Florida.

18. The licensing agreement was renewable annually for a fee of $500 due on or before December 31 of the respective year.

19. On November 9, 2015, Virginia Ellison transferred the business and assigned all rights in the Mark to Treasure Chest Media. See Trademark Assignment Agreement attached as Exhibit "**B**".

20. On December 16, 2016, Treasure Chest Media informed Defendants that the licensing agreement was expiring and a new agreement would need to be execute in order for Defendants to continue using the Mark.

21. Defendants refused to execute a new licensing agreement or make payment and therefore could not use the Mark past December 31, 2016.

22. As of January 1, 2017, licensor did not receive payment for the upcoming year.

23. On January 4, 2017, licensee and licensor agreed that the licensing agreement was terminated.

24. Instead of executing the new agreement and making payment under the licensing agreement, on December 18, 2016, Defendant Dixon created and applied for a trademark of an almost identical mark "the Treasured Chest" under the exact same class.

25. Defendants' infringing mark is an almost identical form or in such a near resemblance as to be likely, when used on or in connection with the goods/services of Treasure Chest Media, to cause confusion or mistake, or to deceive.

26. On January 13, 2017, upon confirmation that Defendants were still providing services using the Mark and/or under the infringing mark, Plaintiff's counsel sent via certified mail and email a Cease and Desist letter. See attached as Exhibit "**C**".

27. Defendants refused to stop publications under the infringing mark and continued to provide services under the infringing mark, created a website using the infringing mark, and in fact continued to advertise of its existence "Since 1985" which is the same format used by Plaintiff.

28. In fact, Defendants' infringing website still uses the Mark and states that Defendant Dixon is the "Treasure Chest Owner/Editor."

29. Defendants continue to advertise, market, and sell its services in the same industry and through the same channels of trade using its infringing mark and website. In doing so, Defendants are attempting to usurp the substantial goodwill developed under the Mark in violation of Treasure Chest Media's trademark rights.

30. Customers of Treasure Chest Media have called questioning where the ad they paid for was and after questioning it was determined that the customers had published in Defendants' paper by accident.

31. Defendants' actions have diluted the Treasure Chest brand created, and severely injured Treasure Chest Media's business reputation.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

32. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 31 of this Complaint as part of this cause of action.

33. Treasure Chest Media holds a valid and existing federal registration for the Mark and the Mark has continuously been used since as early as 1979.

34. Defendants have marketed, advertised and sold, and continue to market, advertise and sell their services using an infringing mark and through an infringing website throughout the Central Florida area, which are confusingly similar to Treasure Chest Media's services.

35. Defendants' activities as alleged herein have caused, and are likely to continue to cause confusion, mistake, or deception of purchasers to the detriment of Treasure Chest Media.

36. Treasure Chest Media has no control over the current quality of service sold by Defendants, and because of the confusion as to the source of the services produced by Defendants, Treasure Chest Media's valuable goodwill in respect to its Mark is at the mercy of Defendants.

37. The goodwill of Treasure Chest Media's business is of enormous value, and Treasure Chest Media will suffer irreparable harm should the infringement be allowed to continue to the detriment of its trade reputation and goodwill.

38. Defendants' use of the Mark, the infringing mark, and infringing website as alleged herein, and marketing, advertising and sale of services using the Mark, infringing mark, and infringing website throughout the Central Florida area was done without the consent, knowledge or permission of Treasure Chest Media and continue without the consent and permission of Treasure Chest Media.

39. Defendants have violated the trademark rights of Treasure Chest Media under the Trademark Act, thereby giving rise to a cause of action under 15 U.S.C. §1114.

40. Treasure Chest Media will be irreparably harmed unless Defendants are temporarily, immediately and permanently enjoined from any further use of the Mark, the

infringing mark, and infringing website, and any further marketing, advertising or sale of services using the Mark, infringing mark or infringing website.

41. Serious damage to Treasure Chest Media's trademark rights will result unless Defendants' wrongful use of the Mark, infringing mark, and infringing website is enjoined by this honorable court.

42. Treasure Chest Media has no adequate remedy at law.

43. Defendants have continued to use the Mark, the infringing mark, and infringing website notwithstanding that they have actual knowledge of Treasure Chest Media's superior trademark rights as alleged herein.

44. Defendants' infringement of the Mark, use of the infringing mark, and infringing website accordingly constitutes intentional, willful, knowing and deliberate trademark infringement.

45. Plaintiff therefore seeks judgment in the amount of three (3) times its damages, together with reasonable attorney's fees pursuant to 15 U.S.C. §1117(a).

46. Defendants' infringement of the Mark, use of the infringing mark, and infringing website as alleged herein has caused, and will continue to cause Treasure Chest Media to suffer damages in an amount unknown at this time and has caused, and will continue to cause, Defendant to gain revenues and profit in an amount unknown at this time.

47. Pursuant to 15 U.S.C. §1117(a), Treasure Chest Media is entitled to an award of monetary damages in an amount equal to the losses suffered by Treasure Chest Media or the revenues and/or profits gained by Defendants, which damages should be augmented as provided by 15 U.S.C. §1117(a).

48. Pursuant to 15 U.S.C. §1117(a), any monetary damages awarded to Treasure Chest Media should be trebled.

49. Pursuant to 15 U.S.C. §1117(a), Treasure Chest Media is entitled to an award of attorney's fees and costs.

COUNT II: FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING AND UNFAIR COMPETITION UNDER LANHAM ACT SECTION 43(a)

50. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 49 of this Complaint as part of this cause of action.

51. The actions of Defendants as alleged herein constitute false designation of origin, false advertising and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

52. The actions of Defendants have and are likely to continue to deceive customers and prospective customers into believing that Defendants services are that of Treasure Chest Media, and, as a consequence, are likely to divert customers away from Treasure Chest Media.

53. Treasure Chest Media has no control over the quality or nature of the services provided by Defendants. Any failure to produce the advertised number of publications, neglect, or default in production by Defendants has and will continue to reflect adversely on Treasure Chest Media as the believed source of the origin thereof, impeding efforts by Treasure Chest Media to continue to protect its outstanding reputation for high quality publication and advertisement services, resulting in loss of clients, all to the irreparable harm of Treasure Chest Media.

54. Treasure Chest Media has and will continue to be irreparably harmed unless Defendants are temporarily, immediately and permanently enjoined from any further us of the Mark, the infringing mark, and infringing website, and any further marketing, advertising, or sale of services using the Mark, the infringing mark, and infringing website.

55. Treasure Chest Media has no adequate remedy at law and serious damage to its trademark will result unless Defendants' wrongful use of the Mark, the infringing mark, and infringing website are enjoined by this court.

56. The actions of the Defendants as alleged herein constitute intentional, willful, knowing and deliberate unfair competition and false advertising pursuant to Section 43(a) of the Lanham Act.

57. Defendants' acts of unfair competition and false advertising in violation of the Lanham Act Section 43(a) as alleged herein have cause, and will continue to cause, Treasure Chest Media to suffer damages in an amount unknown at this time and have caused, and will continue to cause Defendants to gain revenues and profit in an amount unknown at this time.

58. Pursuant to 15 U.S.C. §1117(a), Treasure Chest Media is entitled to an award of monetary damages in an amount equal to the losses suffered by Treasure Chest Media and the revenues and/or profits gained by Defendants, which damages should be increased as provided by 15 U.S.C. §1117(a).

59. Pursuant to 15 U.S.C. §1117(a), any monetary damages awarded to Treasure Chest Media should be trebled.

60. Pursuant to 15 U.S.C. §1117(a), Treasure Chest Media is entitled to an award of attorney's fees and costs.

COUNT III: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

(F.S.A. §501)

61. Plaintiff realleges and incorporates herein by reference the allegations contained in paragraphs 1 through 60 of this Complaint as part of this cause of action.

62. Defendants have engaged in unfair and deceptive acts or practices by imitating Treasure Chest Media's Mark in connection with the sale of their services in the state of Florida thereby creating a likelihood of public confusion as to the source of the goods and services.

63. Defendants deceptive acts or practices injured Treasure Chest Media by confusing customers into publishing in the Defendants' paper.

64. Customers have already reported confusion and publication in Defendants' paper under the impression they were publishing in Plaintiff's paper.

65. Defendants' actions offend the public, are unethical, unfair and deceitful, affecting trade and commerce now and in the future within the state of Florida.

66. A causal link exists between the deceptive acts and the resulting injury.

67. Treasure Chest Media suffered damages relating to Defendants' violation of the Deceptive and Unfair Trade Practices Act F.S.A. §501.

68. Treasure Chest Media seeks, and is entitled to recover, its actual damages, together with reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Treasure Chest Media prays this honorable court find against Defendants and enter an Order as follows:

1. For temporary, preliminary and permanent injunction restraining and enjoining Defendants, and their agents, servants, employees, and all others in active concert or participation with them, as follows:
   a. From further infringing on Treasure Chest Media's trademark rights;
   b. From further use of the Mark on Defendants' publications, website or websites, the websites of any third parties, in Internet advertisements, and/or in any advertising, promoting, distributing, offering for sale, and/or selling

any services in any media, using the Mark, the infringing mark, and infringing website; and

c. From further acts of false advertising and unfair competition as alleged herein.

2. For an Order requiring the transfer of the infringing website(s).
3. For an award of damages suffered by Treasure Chest Media, plus any revenues or profits earned by Defendants as a result of Defendants' trademark infringement, unfair competition and false advertising in an amount to be proven at trial.
4. For an award of augmented damages as alleged herein pursuant to 15 U.S.C. §1117(a).
5. For an award of punitive and exemplary damages in an amount to be proven at trial, but sufficient to punish and deter the Defendants.
6. For an award of attorney's fees and litigation expenses and costs to the maximum extent allowed by law.
7. For such other relief as the court deems just and proper.

Respectfully submitted, this 23 day of March, 2017.

KEVIN P. DONAGHY
FLORIDA BAR NO.: 0968773
Donaghy Law
195 Wekiva Springs Road
Suite 224
Longwood, FL 32779
(407) 478 -6008
(321) 256 – 5148 fax
Designated Email Address
efiling.donaghylaw@gmail.com

**VERIFICATION**

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this document and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Linda Pierre 3/16/17
LINDA PIERRE Date
Manager and Owner of Treasure Chest Media, LLC

STATE OF FLORIDA
COUNTY OF Seminole

Sworn to or affirmed and signed before me this 16 day of March, 2017 by Linda Pierre, as Manager for Treasure Chest Media, LLC.

NOTARY PUBLIC or DEPUTY CLERK

____ Personally known
✓ Produced identification
Type of identification produced Drivers License

MELODY BUJNOWSKI
Notary Public, State of Florida
Commission# FF 44674
My comm. expires Aug. 12, 2017